# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GREGORY WASHINGTON**                                   **PLAINTIFF**

**v.**                                                **Case No.** 3:22-cv-202-HTW-LGI

**JACKSON PUBLIC SCHOOL DISTRICT;**              **DEFENDANTS**
**LARRISSA MOORE; ERRICK GREENE;**
**EDWARD SIVAK JR.; BARBARA HILLIARD;**
**ROBERT LUCKETT; FRANK FIGGERS;**
**LETITIA JOHNSON; JEANNE HAIRSTON;**
**CYNTHIA THOMPSON; JOHN DOE;**

## COMPLAINT

Defendants failed to give the required notice or hearing before terminating Plaintiff from his job as a teacher. COMES NOW the Plaintiff and alleges as follows:

## JURISDICTION, VENUE, JURY DEMAND

1. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because this claim arises under federal law.

2. Venue is proper in this court under 28 U.S.C. § 1391 because the Defendants and all work at issue were located in and around Hinds County, Mississippi.

3. Trial by jury is demanded on all issues so triable in this matter.

## PARTIES

7. Plaintiff Gregory Washington is an adult resident of Mississippi.

8. Mr. Washington is a former employee of the Jackson Public School District.

9. Mr. Washington's employment was protected against termination except for good cause pursuant to Miss. Code § 37-9-59.

10. Defendant Jackson Public School District is a "school district" as that term is used in Miss. Code § 37-9-59.

11. JPSD is a governmental entity subject to the Fourteenth Amendment of the United State Constitution.

12. JPSD is a "person" as that term is used in 42 U.S.C. § 1983.

13. JPSD is not an "arm of the state" and is not entitled to sovereign immunity under the Eleventh Amendment.

14. Defendant Larrissa Moore is an agent and employee of JPSD working in the General Counsel's office. This defendant is sued in an individual capacity.

15. Defendant Errick Greene is the superintendent of JPSD. This defendant is sued in an individual and official capacity.

16. Defendants Edward Sivak Jr., Barbara Hilliard, Robert Luckett, Frank Figgers, Letitia Johnson, Jeanne Hairston, and Cynthia Thompson (the Board Members) are members of the JPSD school board. These defendants are sued in an individual and official capacity.

17. Defendants John Doe are persons or entities presently unknown and named pseudonymously until this pleading can be amended to identify them.

## FACTS

18. Mr. Washington is an educator licensed by the Mississippi Department of Education.

19. JPSD entered into a binding, Board-approved contract with Mr. Washington for the 2021-2022 school year.

20. In this contract, JPSD explicitly, implicitly, and/or constructively promised to act in good faith, to abide by state and federal law, and to follow its own policies and procedures in all its dealings with Mr. Washington under the contract.

21. In the Fall of 2021, Mr. Washington took protected leave under the Family Medical Leave Act.

22. When he returned, the principal Torey Hampton retaliated by increasing the frequency and negativity of performance reviews, including classroom observations, for pretextual reasons.

23. In response, Mr. Washington noted his view that his FMLA leave was motivating this, and also provided information about his membership in a union, the Jackson Federation of Teachers, Paraprofessionals and School-Related Personnel.

24. Thereafter, JPSD began looking for additional pretexts to discipline or terminate Mr. Washington.

25. Mr. Washington also raised concerns that funds for the Beta Club were being mishandled.

26. On or about February 2, 2022, attorney Larissa Moore came to Mr. Washington's place of employment. She began to ask him questions. Mr. Washington informed her that he was represented by an attorney, and that he was a member of the AFT local. She continued to question him.

27. She then gave Mr. Washington a letter placing him on an administrative leave pending investigation for pretextual reasons.

28. On or about February 24, 2022, Larrissa Moore contacted Mr. Washington and

asked to interview him and obtain his statement.

29. Mr. Washington called her back on the number she left on February 24, 2022, at approximately 7:30 p.m.

30. Mr. Washington followed up further on March 3, 2022, at approximately 2:36 p.m. He spoke directly to Ms. Moore and informed her once again that he was represented by counsel and AFT, and that he wanted his representative present.

31. Ms. Moore responded by stating "[i]t's an employment matter with the district and you don't need an attorney present."

32. Mr. Washington nonetheless asked that they coordinate so that counsel could be present.

33. Ms. Moore never contacted Mr. Washington's counsel or arranged a time for counsel to be present at any interview or statement given by Mr. Washington.

34. No one from JPSD ever obtained any statement or evidence from Mr. Washington concerning the allegations.

35. On March 10, 2022, counsel for Mr. Washington reached out to Ms. Moore to further follow up on this issue, and to ask to arrange a time for Mr. Washington to provide his evidence.

36. Ms. Moore admitted being aware of her ethical obligations concerning represented persons under Rule 4.2, but denied knowing that Mr. Washington was a represented person.

37. Ms. Moore further alleged that the "the District has no reason to communicate with Dr. Washington, as he is no longer an employee of the District. Pursuant to

his March 3, 2022, termination letter, he had five (5) calendar days to request a hearing" and that he had not requested one.

38. No such termination letter had been received by Mr. Washington.

39. On information and belief, no such letter was sent to Mr. Washington.

40. Also on March 10, by email, counsel for Mr. Washington responded and requested a hearing on behalf of Mr. Washington. Counsel also requested a copy of the alleged letter and any proof of delivery.

41. Ms. Moore responded by stating that no hearing would be held because the request was "untimely."

42. Counsel informed Ms. Moore that any statutory time period to request a hearing could not begin to run until March 10 because Mr. Washington had not received any prior notice.

43. Ms. Moore ignored this correspondence.

44. On April 5, 2022, counsel for Plaintiff sent a follow-up email reminding Ms. Moore that the statute required the hearing to be held within 30 days of the request and that this time period was running out.

45. Ms. Moore responded that the request for a hearing was untimely, and no hearing would be held.

46. She also, for the first time, provided a copy of what she claimed was the "termination letter" to Mr. Washington and said "Attached is the termination letter provided to your client, which I am sure he has also provided to you. Have the best day."

47. This was, in fact, the first time that either Mr. Washington or his counsel had actually received this correspondence.
48. Counsel reminded Ms. Moore "You have yet to provide proof it was sent or received."
49. To date, JSPD has not identified any evidence that this particular letter was sent to or received by Mr. Washington or his counsel at any point before the email of April 5, 2022.
50. The statute places responsibility for providing notice of a recommended termination on the Superintendent, Errick Greene. Defendant Greene failed to provide such notice. Defendant Greene deprived Plaintiff of his right to a hearing.
51. In addition, on information and belief, all Ms. Moore's actions undertaken above were done with the actual and/or constructive knowledge and consent of Defendant Greene and/or at his direction.
52. The statute places responsibility for providing a hearing on the School Board. The Defendant School Board Members failed to provide a hearing. By this failure, the Defendant School Board Members violated the statute and deprived Plaintiff of due process rights.
53. In addition, on information and belief, all Ms. Moore's actions undertaken above were done with the actual and/or constructive knowledge and consent of Defendant School Board Members and/or at their direction.
54. Mr. Washington's termination is not for good cause, is unsupported by evidence,

and is arbitrary and/or capricious.

55. The reasons stated for Mr. Washington's termination are pretextual.

56. Mr. Washington's termination was motivated (in whole or in part) by his FMLA leave, his protected request for a hearing, and/or his union membership/activities.

## CAUSES OF ACTION

### Count I: Retaliation under the Family Medical Leave Act

57. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

58. This Count is brought solely against JPSD, and not any other Defendant.

59. Defendant is prohibited by the Family Medical Leave Act from retaliating against any person for taking FMLA leave.

60. Plaintiff is took FMLA protected leave.

61. As described above, Defendant retaliated against Plaintiff.

62. Specifically, among other things, Defendant conducted additional performance appraisals, provided negative performance appraisals, suspended, investigated, and ultimately terminated the Plaintiff, and did so without a hearing or taking evidence from Plaintiff, because he took FMLA protected leave.

63. Plaintiff was harmed thereby.

64. JPSD is liable for the harm caused.

### Count II: Section 1983: Procedural Due Process, Fourteenth Amendment, U.S. Constitution

65. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth

herein.

66. This Count is brought against all defendants.

67. The Fourteenth Amendment of the U.S. Constitution forbids depriving any person of life, liberty or property without procedural due process.

68. By taking Plaintiff's employment without adequate notice or an adequate hearing, Defendants deprived Plaintiff of liberty and/or property without procedural due process.

69. Plaintiff was harmed thereby.

70. Defendants are liable for the harm caused.

**Count III: Breach of contract**

71. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

72. This Count is brought solely against Defendant JPSD.

73. JPSD entered into a binding, Board-approved contract with Mr. Washington for the 2021-2022 school year.

74. In this contract, JPSD explicitly, implicitly, and/or constructively promised to act in good faith, to abide by state and federal law, and to follow its own policies and procedures in all its dealings with Mr. Washington under the contract.

75. By its actions alleged above, JPSD breached the contract as follows:

    a. It acted in bad faith in violation of the implied covenant of good faith and fair dealing;

    b. It violated the FMLA;

    c. It violated the Fourteenth Amendment of the U.S. Constitution;

    d. It violated Article 3, Section 14 of the Mississippi Constitution, which states: "No person shall be deprived of life, liberty, or property except by due process of law."

    e. It violated Article 7, Section 198A of the Mississippi Constitution, which states: "[T]he right of a person or persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union."

    f. It violated Miss. Code § 37-9-59, which requires good cause for termination, requires that payment continue until a hearing is held, and requires that certain procedures for providing a hearing be followed.

    g. It failed to follow its own policies and procedures in other respects.

76. Plaintiff was harmed by such breaches of contract.

77. Defendant is liable for the harm caused thereby.

## Count IX: Petition for review under Miss. Code § 37-9-59

78. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

79. This Count is brought solely against Defendant JPSD.

80. Plaintiff brings this action for court review of the Board's decision pursuant to Miss. Code § 37-9-59, which incorporates § 37-9-113 by reference.

81. JPSD's decision was not supported by any substantial evidence; was arbitrary or capricious; and/or in violation of statutory or constitutional rights of the

employee. *See* Miss. Code § 37-9-113.

82. The statute provides that "[b]efore being so dismissed or suspended any licensed employee shall be notified of the charges against him and he shall be advised that he is entitled to a public hearing upon said charges." Miss. Code § 37-9-59.

83. Defendant unlawfully failed to provide any notice of the right to a hearing.

84. The statute also requires that a hearing be held if it is requested. Plaintiff in this case timely and repeatedly requested a hearing.

85. Defendant had thirty days in which to hold a hearing under the statute, and it failed to comply with this deadline. For this reason, the proposed termination is void.

86. In addition, the "employee shall be entitled to compensation for a period up to and including the date that the initial hearing is set by the school board, in the event that there is a request for such a hearing by the employee." Miss. Code § 37-9-59.

87. Defendant unlawfully failed to compensate Petitioner during the period from the date of his request for a hearing until his hearing is held (which has yet to occur).

88. Pursuant to Miss. Code § 37-9-59, Defendant cannot terminate this contract absent good cause. On the merits of the discipline, the School District bears the burden of proving that discipline was proper, and the sole evidence on which it can rely is the record of the hearing before the School District in this matter.

89. No such evidence exists, because no such hearing was held. If it had been, the evidence still would have been insufficient.

90. Thus, there is no competent "substantial evidence" concerning the reason for JPSD's termination, and its decision is arbitrary and capricious.

## REMEDIES

91. Plaintiff seeks all remedies available, including but not limited to the following:

   a. Back pay;

   b. Reinstatement and/or front pay, as appropriate;

   c. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from Defendants' unlawful actions;

   d. Consequential damages and any other pecuniary harms flowing from Defendants' unlawful actions;

   e. Nominal damages is actual damages are unavailable or unproven for any reason;

   f. Punitive damages commensurate with the misconduct and necessary to deter future violations of the law;

   g. Pre- and post-judgment interest;

   h. Attorney fees;

   i. Costs;

   j. An injunction curing Defendants' unlawful actions and prohibiting any future similar actions;

   k. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

l. Any other equitable relief as this honorable Court deems appropriate.

m. A final judgment declaring that Defendants' treatment of Plaintiff was unlawful; and/or,

n. Any other relief available under any applicable principle of law or equity.

Respectfully submitted on April 18, 2022,

GREGORY WASHINGTON,
Plaintiff

By: */s/ Joel Dillard*
Joel F. Dillard (MSB No. 104202)
Jay Kucia (MSB No. 106213)
*Counsel for Plaintiff*

OF COUNSEL:

JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
Telephone: 601-509-1372 (Ext. 2, Joel) (Ext. 1, Jay)
Facsimile: 601-509-1372
Emails: joel@joeldillard.com (Joel)
jay@joeldillard.com (Jay)