IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY WASHINGTON                                        PLAINTIFF

vs.                                    CIVIL ACTION No.: 3:22-CV-202-HTW-LGI

JACKSON PUBLIC SCHOOL DISTRICT, et al.                    DEFENDANTS

---

## ORDER

---

Before this Court is the Motion to Dismiss **[ECF No. 38]**, filed by the following defendants: (1) Larrissa Moore, General Counsel for Jackson Public School District ("JPSD"), in her individual capacity; (2) Errick Greene, JPSD's Superintendent, in his individual and official capacities; and (3) JPSD School Board members Edward Sivak, Barbara Hilliard, Robert Luckett, Frank Figgers, Letitia Johnson, Jeanne Hairston, and Cynthia Thompson (collectively, "Individual Defendants"). After careful consideration of the motion, the parties' submissions, and the applicable law, the Court finds that the motion should be DENIED for the reasons following.

## I.    BACKGROUND

Plaintiff Gregory Washington ("Washington"), an educator, entered into an employment contract with the Jackson Public School District for the 2021-2022 school year. Early in his contract, in the Fall of 2021, Washington took leave under the Federal Medical Leave Act (FMLA)[1]. Upon returning from leave, he alleges that the school principal, Torey Hampton[2],

---

[1] The FMLA is a federal law that entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave. *See* 29 U.S.C.A. § 2601, et seq. (West).

[2] Torey Hampton is not names as a Defendant in this matter.

1

increased the frequency and negativity of his performance reviews, which Washington believed was retaliation for taking FMLA leave.

Washington states that he expressed concerns about this alleged retaliation and also raised concerns about possible mishandling of the school's "Beta Club"[3] funds. On February 2, 2022, Larrissa Moore, the District's General Counsel, informed Washington that he was being placed on administrative leave pending an investigation regarding his allegations.

On February 24, 2022, Moore contacted Washington to obtain a statement for the investigation. Washington informed Moore that he had retained an attorney and requested that his attorney be present for any investigative interview. Washington alleges that Moore never contacted his attorney and that no one from the District obtained a statement or evidence from him concerning the allegations.

On March 10, 2022, Washington's counsel contacted Moore regarding the investigative interview. Moore, at this time, informed counsel that Washington had been terminated according to a March 3, 2022, termination letter. This letter, said Moore, informed Washington that he had five (5) calendar days to request a hearing. Washington claims he never received this letter and, thus, did not have an opportunity to request a hearing within the required 5 calendar days.

Washington requested a hearing on his termination and proof of the letter's delivery on March 10, 2022. Moore responded that the request was untimely and that the District would not hold a hearing on the termination.

On April 18, 2022, Washington filed this lawsuit against the District, its Superintendent (Errick Greene), General Counsel (Larrissa Moore), and members of the School Board (Edward

---

[3] This Court has before it no further information regarding the nature of this Club, nor the specifics of the alleged financial mishandling. Washington's Complaint states only that "Mr. Washington also raised concerns that funds for the Beta Club were being mishandled." [ECF No. 1, ¶ 25.].

Sivak, Barbara Hilliard, Robert Luckett, Frank Figgers, Letitia Johnson, Jeanne Hairston, and Cynthia Thompson). He alleges retaliation, deprivation of procedural due process, and breach of contract.

The Individual Defendants have now filed a motion to dismiss based on qualified immunity. The sole claim against these Individual Defendants is "violations of procedural due process" under the Fourteenth Amendment to the United States Constitution[4] [ECF No. 1, Count II]. They argue that Washington's complaint lacks sufficient factual allegations to support his claim against the Superintendent and Board Members. They also contend that the General Counsel cannot be sued in her individual capacity for actions taken in her official capacity, and that the defendants did not violate a clearly established right to procedural due process.

## II.     JURISDICTION

This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331[5], as Plaintiff's claims arise under federal law, specifically 42 U.S.C. § 1983[6]. The

---

[4] Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
U.S. Const. amend. XIV

[5] Title 28 U.S.C. § 1331:

> Federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[6] 42 U.S.C. §1983 states, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... 42 U.S.C.A. § 1983 (West)

Court also has supplemental jurisdiction over any state law claims[7] pursuant to 28 U.S.C. § 1367[8].

### III    LEGAL STANDARD

The Individual Defendants have filed their motion to dismiss under the auspices of Federal Rule of Civil Procedure 12(b)(6)[9]. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff; however, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To overcome a qualified immunity defense at the motion-to-dismiss stage, a plaintiff must plead facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563

---

[7] As stated above, the only claim against the Individual Defendants arises under the Due Process Clause of the United States Constitution. The remaining claims are brought against the District. [ECF No. 1].

[8] Title 28 U.S.C.A. § 1367 states in pertinent part:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties

[9] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted."
Fed. R. Civ. P. 12.

U.S. 731, 735 (2011). The court may address these prongs in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## IV.    ANALYSIS

### A.    *Sufficiency of Pleadings*

The Individual Defendants argue that Washington's complaint lacks sufficient factual allegations to support his claims. Plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2022). Here, Washington has alleged specific conduct by Moore regarding her role in denying notice and hearing rights during his termination process. Washington's Complaint quotes Moore's alleged statements to Washington[10], and establishes a timeline of Moore's supposed acts.

The Individual Defendants argue next that the complaint contains only two paragraphs devoted to Green and the members of the School Board. They point out that Washington alleges only that Greene failed to provide notice of termination, and the School Board members failed to provide a hearing. The Individual Defendants argue that these factual allegations do not provide sufficient notice to Green or the School Board members regarding their respective role or involvement in the alleged constitutional violation. Further, say these Defendants, Washington's allegations do not satisfy the individual capacity pleading standard[11]. The Defendants claim that Washington has not pled an allegation sufficient to nudge his claims across the line from conceivable to plausible.

---

[10] For example, Washington asserts, "Ms. Moore further alleged that the "District has no reason to communicate with Dr. Washington, as he is no longer an employee of the District. Pursuant to his March 3, 2022, termination letter, he had five (5) calendar days to request a hearing" and that he had not requested one. [ECF No. 1, ¶37].

[11] The "individual capacity pleading standard" requires that when suing a government official or employee, the plaintiff must plead facts showing the defendant acted personally and not in his or her official capacity. In other words, the plaintiff's claim seeks to impose personal liability, not liability on the government entity.

This Court finds that, at this stage of the proceedings, these allegations are sufficient to state a claim and provide fair notice to the defendants.

### B.    *Clearly Established Right*

The Individual Defendants argue that Washington has not alleged a violation of a clearly established right. This Court disagrees. The right to procedural due process in public employment termination has been clearly established by the Unites States Supreme Court and the Fifth Circuit.

In *Cleveland Bd. of Educ. v. Loudermill*, the Supreme Court held that public employees with a property interest in continued employment are entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before termination. 470 U.S. 532 (1985). This right has been consistently upheld and applied by the Fifth Circuit. *See, e.g., Browning v. City of Odessa*, 990 F.2d 842 (5th Cir. 1993).

Further, As this Court previously has recognized, "under well-established Supreme Court and Fifth Circuit precedent," Mississippi teachers are "entitled to a minimum pre-termination process of (1) oral or written notice of the charges against [them], (2) an explanation of the employer's evidence, and (3) an opportunity to present [their] side of the story." *McMullen v. Starkville Oktibbeha Consol. Sch. Dist.*, 200 F. Supp. 3d 649, 665 (N.D. Miss. 2016) (quotations and citations omitted).

Washington alleges that he was not provided with proper notice of his termination, or an opportunity for a hearing. If proven, these allegations could constitute a violation of his clearly established right to procedural due process.

### C.    *Individual Capacity Claims*

The Individual Defendants argue that Moore, as General Counsel, cannot be sued in her individual capacity for actions taken in her official capacity. They cite *Brooks v. George Cty.*, 84 F.3d 157, 168 (5th Cir.), *cert. denied,* 519 U.S. 948 (1996), which held that prosecuting attorneys sued in their individual capacity enjoy absolute immunity from civil suit for damages under §1983 for acting within their official capacity. *See Phillips v. Whittington*, 497 F.Supp.3d 122, 145 (W.D. La. Oct. 28, 2020). The Defendants acknowledge that the Fifth Circuit has not established such a rule for an attorney representing a School District, but in the absence of other guidance from the Fifth Circuit, say the Defendants, the same immunity principle should apply here.

The doctrine of absolute immunity shields from liability officials performing functions intimately associated with the judicial process. *See Butz v. Economou,* 438 U.S. 478, 511 (1978). Judicial immunity, however, does not apply to purely administrative acts of a judge, such as hiring and firing employees, because these acts have been held to be "nonjudicial" in nature. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 229 (1988). The Fifth Circuit, in *Davis v. Tarrant County, Tex., 565* F.3d 214, 222(5th Cir. 2009), explained that that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches". *Id*.

This Court is not persuaded that absolute immunity should extend to a school district's general counsel in the same manner as it does to prosecutors. Moore's alleged actions in failing to provide proper notice and denying a hearing request, however, are administrative in nature and do not necessarily fall within the scope of activities typically protected by absolute immunity. At this stage, this Court cannot conclude that Moore is entitled to dismissal on this basis.

## V.    CONCLUSION

For the reasons stated above, the Individual Defendants' Motion to Dismiss **[ECF No. 39]** is **DENIED**. This Court finds that Washington has alleged sufficient facts to state a plausible claim for violation of his procedural due process rights, and the defendants are not entitled to qualified immunity at this stage of the proceedings.

**SO ORDERED this the 19th day of March, 2025.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**